IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

VALERIE KREGER-MUELLER,

                              Plaintiff,

        v.

ARJANG DJAMALI, LISA WALLENKAMP,                    OPINION & ORDER
REBECCA BADIMASSOUD, MARK OGELSBAY,
PATRICK Q. SHEEHAN, LAURA FISK,                         16-cv-283-jdp
ANNE MECKSHUN, ELIZABETH BRACE,
CHRISTOPHER NEITZEL, and BOARD OF
REGENTS OF THE UNIVERSITY OF
WISCONSIN SYSTEM,

                              Defendants.

        Pro se plaintiff Valerie Kreger-Mueller has filed a proposed civil action against several

employees of the University of Wisconsin. Dkt. 1, Dkt. 5, and Dkt. 6. She alleges that they

discriminated against her, retaliated against her, violated the federal Fair Labor Standards

Act, the Wisconsin Fair Employment Law, Wisconsin Unfair Labor Practices Act, and the

Family Medical Leave Act. She also alleges harassment and stalking.

        Because plaintiff is proceeding *in forma pauperis*, I must screen her complaint and

dismiss any portion that is legally frivolous, malicious, or fails to state a claim upon which

relief may be granted, or asks for money damages from a defendant who by law cannot be

sued for money damages. 28 U.S.C. § 1915(e)(2). In addressing any pro se litigant's

complaint, I must read the allegations made in the complaint generously. *McGowan v. Hulick*,

612 F.3d 636, 640 (7th Cir. 2010). Having reviewed the complaint, Dkt. 1, the amended

complaint, Dkt. 5, and the second amended complaint, Dkt. 6, I conclude that plaintiff has

failed to properly state a claim under Federal Rule of Civil Procedure 8. However, I will allow her an opportunity to file a third amended complaint.

ALLEGATIONS OF FACT

The following facts are drawn from plaintiff's complaints. Dkt. 1, Dkt. 5, and Dkt. 6.

Plaintiff worked as a medical program assistant associate for the University of Wisconsin School of Medicine and Public Health from February 6, 2012 until April 22, 2014. In 2014, she was placed on administrative leave and then dismissed. The reason given for plaintiff's dismissal was her refusal to participate in a fitness for duty exam.

ANALYSIS

Plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. Plaintiff's claim must also be plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Based on plaintiff's complaints, she seems to be alleging workplace discrimination claims on the basis of mental illness. However, plaintiff's complaints do not contain enough facts to explain how each defendant acted or failed to act in violation of her federal or constitutional rights. Nor is it clear how the any of the employment-related statutes that plaintiff lists apply. Because plaintiff's complaints lack sufficient facts to meet the pleading standard of Rule 8, I will dismiss them. But I will give plaintiff one more opportunity to file a third amended complaint with more detailed information addressing these concerns.

In her third amended complaint, plaintiff should include specific factual allegations that tell a story about exactly what happened to her. The complaint should make clear to

2

anyone reading the complaint: (1) what each defendant did to her, and (2) how each defendant's action or inaction violated her federal or constitutional rights. Plaintiff should also be careful to include only claims that are related to each other. In her second amended complaint, plaintiff seems to discuss matters that are not related to her employment discrimination claims and do not involve the named defendants.

Plaintiff has also requested that the attachments to her original complaint be sealed and restricted to court-only review. Dkt. 3. But she has not given any reason why they should be sealed. Presumably, plaintiff filed these documents with the court because they "affect the disposition of federal litigation." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010). This makes them "presumptively open to public view, even if [plaintiff] strongly prefer[s] secrecy, unless a statute, rule, or privilege justifies confidentiality." *Id.* "In short, litigants who enjoy publicly subsidized dispute resolution should expect public oversight." *City of Greenville, Ill. v. Syngenta Crop Prot., LLC*, 764 F.3d 695, 697 (7th Cir. 2014). However, based on my review of the documents, it is appropriate to seal them at this point in the case because they refer to heath care matters. I will not, however, restrict them to court-only review. Defendants, should they be served with a complaint in this case, will be entitled to review these materials as they prepare their defense.

Plaintiff also seeks injunctive relief, Dkt. 8, and a stay of the proceedings until she has resolved related matters in state court, Dkt. 7. Both motions will be denied because she has not yet stated a claim to relief. If plaintiff is able to state a claim in her third amended complaint and is allowed to proceed on her claims, she may move for relief as needed.

ORDER

IT IS ORDERED that:

1. Plaintiff Valerie Kreger-Mueller's complaint, Dkt. 1, first amended complaint, Dkt. 5, and second amended complaint, Dkt. 6, are DISMISSED for failure to comply with Federal Rule of Civil Procedure 8.

2. Plaintiff's motion to seal the exhibits to the proposed complaint, Dkt. 3, is DENIED.

3. Plaintiff's motion to stay the case, Dkt. 7, is DENIED.

4. Plaintiff's motion for injunctive relief, Dkt. 8, is DENIED.

5. Plaintiff may have until August 23, 2016, to file a third amended complaint. If plaintiff fails to do so by this deadline, I will direct the clerk of court to enter judgment in favor of defendants.

Entered August 2, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge